UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER RICE, and ERIK WESTERVELT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1-10, inclusive,<br><br>Defendant(s). | Civil Action No. 2:24-cv-2647<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiffs JENNIFER RICE ("Rice") and ERIK WESTERVELT ("Westervelt," and collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege the following against Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION ("Defendant") upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiffs' Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"). Plaintiffs further allege that Defendant's conduct, as described herein, constitutes breach of fiduciary duty at common law.

2. Plaintiffs, individually, and on behalf of all others similarly situated, bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant routinely holding consumers liable for unauthorized electronic fund transfers made out of their deposit accounts held with Defendant, thereby violating the EFTA, 15 U.S.C. § 1693g(a). Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

-1-

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiffs reside within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff Jennifer Rice is a natural person residing in Delaware County in the state of Pennsylvania, and is a "consumer" as defined by 15 U.S.C. §1693a(6).

7. Plaintiff Erik Westervelt is a natural person residing in Delaware County in the state of Pennsylvania and is a "consumer" as defined by 15 U.S.C. §1693a(6).

8. At all relevant times herein, Defendant, Wells Fargo Bank, National Association ("Defendant"), was a national bank.

9. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiffs are informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11. Prior to the events giving rise to the instant Complaint, Plaintiffs maintained joint checking and savings accounts with Defendant.

12. On or around December 22, 2023, Plaintiff Westervelt received a phone call from an individual who identified herself as Sharisma Roberts from Defendant's fraud department. The caller-ID for this phone call was 800-869-3557, which is the phone number listed as Defendant's phone number on the back of Plaintiffs' debit card with Defendant.

13. The caller accurately identified several transactions from Plaintiffs' accounts, which lead Westervelt to believe that the caller was from Defendant's fraud department.

14. The caller then told Westervelt that there was another transaction described as a wire transfer for "a large amount of money."

15. Westervelt denied sending any such transfer, as neither he nor Rice had ordered a wire transfer from their accounts.

16. The caller informed Westervelt that she could stop the wire transfer if he could confirm the six-digit number she was sending him via text message. Westervelt did so.

17. Immediately thereafter, a wire transfer in the amount of $24,557.89 was made from Plaintiffs' account to an unknown account with Discover Bank. At no time did Plaintiffs authorize such a wire transfer.

18. Realizing that the caller was likely a scammer, Westervelt immediately called Defendant via the phone number on the back of his debit card to report the fraud and try to recover the funds. The representative Westervelt spoke with instructed him to go to his local Wells Fargo branch for assistance.

19. The same day, Westervelt went to the Media, Pennsylvania branch of Wells Fargo and met with a banker named Tom Hill. Mr. Hill facilitated a call between Westervelt and Defendant's fraud department.

20. Defendant's fraud department confirmed that it had received Plaintiffs' dispute and it would respond within ten business days.

21. Seven days later, on December 29, 2023, Plaintiffs received a letter from Defendant indicating that it would not reimburse any of the funds that were taken from their accounts.

22. Plaintiffs immediately called Defendant and asked that the investigation be escalated.

23. On or around January 2, 2024, Plaintiffs received a letter from Defendant again indicating that it would not reimburse any of the funds because, according to Defendant, the transaction had been authorized by Westervelt or someone acting on his behalf.

24. On January 17, 2024, Plaintiffs received another letter from Defendant indicating that it had escalated the investigation.

25. On January 24, 2024, Defendant notified Plaintiffs that it would not be reimbursing their funds.

26. On February 13, 2024, Plaintiffs received a letter from Defendant indicating that their case had been closed and the funds would not be reimbursed.

27. On February 15, 2024, Plaintiffs contacted Defendant and again asked that it reopen the investigation.

28. On February 20, 2024, Plaintiffs received an email from Defendant indicating that it had reopened the case.

29. Plaintiffs were interviewed by a local news station on March 18, 2024, regarding the scam.

30. Two days later, Defendant contacted Plaintiffs and indicated that, in response to the news story that ran about them, it would reopen the investigation into her funds.

31. Defendant did not respond further for over a month.

32. On May 6, 2024, Defendant sent Plaintiffs an email again indicating that it would not reimburse them any of the funds that were stolen.

## **CLASS ACTION ALLEGATIONS**

33. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as members of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States who had funds electronically transferred from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but were not reimbursed by Defendant within the one year prior to the filing of this Complaint.

34. Plaintiffs represent, and are members of, The Class, consisting of all persons in the United States who had funds electronically transferred from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but were not reimbursed by Defendant within the one year prior to the filing of this Complaint.

35. Defendant, its employees and agents are excluded from The Class. Plaintiffs do

not know the number of members in The Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

36. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon alleges that The Class includes hundreds, if not thousands, of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendants.

37. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

38. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

      a. Whether Class Members authorized electronic transfers from their deposit accounts held with Defendant;

      b. Whether Class Members notified Defendant of unauthorized transfers from their deposit accounts held with defendant;

      c. Whether Defendant reimbursed Class Members for those unauthorized transfers;

      d. Whether such conduct constitutes a violation of the EFTA;

      e. Whether Defendant owed Class Members a fiduciary duty;

      f. Whether Defendant breached any fiduciary duty; and

      g. Whether Defendant breached its contracts with Class Members.

39. As people who had funds electronically transferred from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but were not reimbursed by Defendant within the one year prior to the filing of this Complaint, Plaintiffs are asserting claims that are typical of The Class.

40. Plaintiffs will fairly and adequately protect the interests of the members of The Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

41. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

42. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the

interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

43. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

44. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I:
## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
**(On Behalf of Plaintiffs and the Class)**

45. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

46. The $24,557.89 wire transfer from Plaintiffs' account was an "unauthorized electronic fund transfer" as defined by 15 U.S.C. § 1693a(12) because it was a transaction initiated through an electronic terminal by someone other than Plaintiffs, without their actual authority to do so, and for which they received no benefit. At no time did Plaintiffs provide any person with their banking information or online login information.

47. 15 U.S.C. § 1693g states that a consumer is not liable for any unauthorized electronic fund transfer unless such transfer was made using an accepted card for the account and the issuing institution has provided a means to identify the person using said accepted card.

48. Here, the $24,557.89 from Plaintiffs' account was not made using an authorized method, because Plaintiffs did not provide anyone with their login information for their online account, and therefore the transfer must have been initiated through some other means.

49. Thus, Plaintiffs are not liable for the unauthorized fund transfer and Defendant was required, pursuant to 15 U.S.C. § 1693g(a), to reimburse Plaintiff the $24,557.89 that was wrongfully withdrawn from his savings account.

50. Moreover, 15 U.S.C. § 1693g(a)(1) limits liability of a consumer for an unauthorized electronic fund transfer to no more than $50.00 even when such unauthorized electronic fund transfer is made using an accepted method.  Thus, even if the wire transfer was initiated using an accepted method, Defendant was required to reimburse Plaintiffs $24,507.89. Defendant did not do so.

51. Plaintiffs notified Defendant of the unauthorized electronic fund transfer within sixty days of receiving the statement for their account showing the $24,557.89 wire transfer.

52. Defendant similarly failed to reimburse Class Members and thus held them liable for unauthorized transfers above and beyond what is allowed under EFTA.

53. Because Defendant failed to reimburse Plaintiffs and the Class for the unauthorized electronic transfers, Defendant has violated 15 U.S.C. § 1693g, thereby entitling Plaintiffs and the Class to relief pursuant to 15 U.S.C. § 1693m.

## COUNT II:
## BREACH OF FIDUCIARY DUTY
**(On Behalf of Plaintiffs and the Class)**

54. There existed a fiduciary relationship between Defendant and Plaintiffs and Class Members.

55. Defendant acted on behalf of Plaintiffs and Class Members for the purposes of providing their deposit account services, and securing Plaintiff and Class Members' deposits.

56. By failing to refund Plaintiff and Class Members for the unauthorized electronic transfers that was wrongfully taken from Plaintiffs and Class Members deposit accounts, Defendant failed to act as a reasonable fiduciary would have acted under similar circumstances.

57. As a result, Plaintiffs and Class Members were harmed. Defendant's conduct was a substantial factor in causing this harm.

## COUNT III:
## BREACH OF CONTRACT
### (On Behalf of Plaintiffs and the Class)

58. There existed a contract between Defendant and Plaintiffs and Class Members.

59. Plaintiffs and Class Members performed all material obligations arising under the contract.

60. Defendant, however, did not uphold its end of the bargain by refusing to reimburse Plaintiffs and Class Members for the unauthorized electronic transfers from their deposit accounts.

61. Such conduct constitutes a material breach of the contract.

62. Plaintiffs and Class Members were harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, JENNIFER RICE and ERIK WESTERVELT, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, Wells Fargo Bank, National Association, for the following:

63. That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representatives of The Class;

64. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act;

65. Actual damages;

66. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act;

67. For prejudgment interest at the legal rate; and

68. Any other relief this Honorable Court deems appropriate.

///

///

## **TRIAL BY JURY**

69. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted this 17th Day of June, 2024.

                          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

            By:    /s/ Todd M. Friedman
                      Todd M. Friedman (SBN 310961)
                      tfriedman@toddflaw.com
                      Matthew R. Snyder (SBN 335111)
                      msnyder@toddflaw.com
                      21031 Ventura Blvd., Suite 340
                      Woodland Hills, CA 91364
                      Tel: 323-306-4234

                      *Attorneys for Plaintiffs, Jennifer Rice and Erik Westervelt*