**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNIFER RICE, and ERIK WESTERVELT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1-10, inclusive,<br><br>Defendant(s). | Civil Action No. 2:24-cv-2647-AB<br><br>Jury Trial Demanded |

**DECLARATION OF TODD M. FRIEDMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION, OR, IN THE ALTERNATIVE, DISMISS PLAINTIFFS' <u>COMPLAINT FOR FAILURE TO STATE A CLAIM</u>**

I, Todd M. Friedman, declare as follows:

1.     I am an attorney duly licensed to practice law in the State of Pennsylvania and before this Honorable Court.  I make this declaration based upon my personal knowledge, and if called as a witness would competently testify there to.

2.     As a leading consumer protection firm, my office has litigated numerous cases through arbitration, several of them under the American Arbitration Association's Commercial Arbitration Rules.

3. In my experience, the fees for a AAA arbitrator consistently exceed $50,000 to arbitrate a case to a final award, not including any administrative or filing fees.

4. In one such case, *Mims v. Davison Invention Corp.*, we represented the Plaintiff in an arbitration under the AAA's Commercial Arbitration Rules regarding claims that were worth approximately $100 if our client prevailed.

5. In that case, there was a dispute as to whether the claims were arbitrable under the relevant arbitration agreement. That issue was reserved for the arbitrator. My office filed a motion on this issue, which we ultimately lost.

6. Because that arbitration was conducted under the Commercial Arbitration Rules, the plaintiff was required to pay half of the arbitrator's expenses in ruling on the motion. Our share of the arbitrator's fee was almost $12,000.

7. In that case, there was no evidentiary hearing, and the case was not even litigated to a final award.

8. As far as I am aware, the AAA's supplemental procedures for consumer related cases are no longer active rules utilized by the AAA.

I declare under penalty of perjury that the foregoing is true and correct.


Date: October 11, 2024                By:    /s/Todd M. Friedman
                                              Todd M. Friedman