**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNIFER RICE, and ERIK WESTERVELT, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1-10, inclusive, <br><br> Defendant(s). | Civil Action No. 2:24-cv-2647-AB <br><br> Jury Trial Demanded |

**DECLARATION OF PLAINTIFF JENNIFER RICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION, OR, IN THE ALTERNATIVE, DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

I, Jennifer Rice, declare as follows:

1.     I am one of the Plaintiffs in this lawsuit, and I have brought claims against Defendant Wells Fargo Bank, National Association ("Defendant" or "Wells Fargo"), for violations of the Electronic Funds Transfer Act, Pennsylvania's Commercial Code, and other common law claims.  I make this declaration based upon my personal knowledge and, if called as a witness, would competently testify thereto.

2.     I am a Licensed Marriage and Family Therapist, and have a master's degree relevant to that field.

-1-

3.      I have no specialized knowledge of banking contracts or consumer banking.  My line of work and area of expertise does not require me to interact with banking contracts on any regular basis, and I am generally not familiar with the legal terms utilized in such contracts.

4.      To the best of my knowledge, nobody at Wells Fargo ever advised me that the Consumer Deposit Account Agreement I signed when opening my joint checking account with Wells Fargo contained an arbitration agreement.  I was unaware that my Consumer Deposit Account Agreement contained an arbitration agreement until Defendant filed the instant Motion.

5.      To the best of my knowledge, nobody at Wells Fargo ever provided me with a copy of any of the American Arbitration Association's rules for arbitrations.  In fact, I was unaware of the existence of the American Arbitration Association until Defendant filed the instant Motion.

6.      I was also unaware that the Consumer Deposit Account Agreement gives Wells Fargo the sole authority to make any changes to the agreement at any time without providing me notice.  Based on my experience as a consumer, I generally expect that if a company is going to make changes to a contract I have with it, that I will be provided notice of those changes and an opportunity to stop doing business with the company before the changes take effect.

7. My husband, Erik Westervelt, is also a named Plaintiff in this lawsuit.

8. My husband and I opened joint checking and savings accounts with Wells Fargo in 2011. We were not given an opportunity to negotiate the deposit agreement. We decided to bank with Wells Fargo because my husband had been banking with Wells Fargo for over a decade. To my knowledge, all of his banking was done with Wells Fargo at that time.

9. The loss of the money at issue in this lawsuit has created a financial hardship for my husband and I. Because of this hardship, it would be extremely difficult, if not impossible, for us to pay filing fees in excess of $1,500 just to initiate arbitration.

10. My attorneys have advised me that under Defendant's arbitration agreement, we may have to pay fees as high as $6,000 or more, just to initiate arbitration. Given that we have lost almost $25,000 as a result of the conduct that is the basis of this lawsuit, in our current financial situation we likely could not afford these fees. If we had to pay such a high fee, we would have to consider not pursuing our claims that are raised in this lawsuit.

11. My attorneys have also advised me that under Defendant's arbitration agreement, we may have to pay one-half of the arbitrator's compensation, which could amount to more than $50,000. We could not afford to pay these fees, and if we had to, we likely would not pursue our claims in this

lawsuit, as we ultimately are seeking a return of the $25,000 that was taken from us. We would not be willing or able to pay double that amount to try and vindicate our rights.

I declare under penalty of perjury that the foregoing is true and correct.


Date: October 11, 2024                By:    *Jennifer Rice*
                                             Jennifer Rice (Oct 11, 2024 14:00 EDT)
                                             Jennifer Rice

-4-